IN THE CIRCUIT COURT
FOR BALTIMORE CITY, MARYLAND

ESTEFANY MARTINEZ,
625 Maryland Avenue
Essex, MD 21221

    Plaintiff

v.

AMAZON.COM SERVICES, LLC
410 Terry Avenue North
Seattle, WA 98109

Serve:
 CSC-Lawyers Incorporating Service
    7 St. Paul Street, Suite 820
    Baltimore, MD 21202

    Defendant.

Case No.: _____

## CLASS ACTION COMPLAINT AND JURY DEMAND

Estefany Martinez ("Plaintiff"), through her undersigned attorneys, files this Class Action Complaint against Defendant Amazon.com Services, LLC ("Defendant" or "Amazon"),[1] seeking all available relief under the Maryland Wage and Hour Law ("MWHL"), Md. Code, Labor & Employ. §§ 3-401, *et seq.*, the Maryland Wage Payment and Collections Law ("MWPCL"), Md. Code, Labor & Employ. §§ 3-501, *et seq.*, and the Maryland doctrine of unjust enrichment and alleges the following:

### INTRODUCTION

1. Plaintiff is a former, non-managerial warehouse employee of Amazon, who worked at Amazon's "fulfillment center" (or "warehouse") located at 2010 Broening Highway,

---

[1] Plaintiff for a period of time worked for Amazon.com.DEDC, LLC, which in 2019 was merged and consolidated into Amazon.com Services, Inc. Amazon.com Services, Inc. was the surviving and successor company from that merger. Later in 2019, Amazon.com Services, Inc. converted its name to Amazon.com Services, LLC.

1

Baltimore, MD 21224 for approximately four years from approximately the fall of 2017 until approximately November 2021.

2. At the end of each workday, from the beginning of the applicable statutory time periods until at least the spring of 2020, Amazon required its non-managerial warehouse employees working in the state of Maryland to go through security screenings. These daily security screenings took on average approximately fifteen minutes each day to complete, but Amazon did not compensate those non-managerial warehouse employees for the time it took to complete these daily security screenings. Amazon's failure to pay its non-managerial employees for these daily, compulsory security screenings during this time period violated the MWHL and the MWPCL.

3. Plaintiff brings this class action against Amazon for the benefit and protection of a class of all its current and former, non-managerial warehouse employees who were employed by Amazon at any and all of Amazon's Maryland warehouse facilities during the applicable statutory time periods, to recover damages, restitution, and other relief for herself and the proposed class.

## PARTIES

4. Plaintiff is an individual residing at 625 Maryland Avenue, Essex, MD 21221 and former employee of Amazon.

5. Plaintiff is an employee covered by the MWHL and MWPCL and entitled to their protections.

6. Defendant Amazon.com Services, LLC is a Delaware corporation with its principal office located at 410 Terry Avenue North, Seattle, WA 98109.

7. Defendant is an employer covered by the MWHL and the MWPCL and required to comply

with their wage and hour mandates.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under Md. Code, Cts. & Jud. Proc. § 1-501.

9. As the Defendant transacts business and performs work and services in Maryland and the actions at issue in this case occurred in Maryland, this Court has jurisdiction over the parties to this action under Md. Code, Cts. & Jud. Proc. §§ 6-102-103.

10. As the Defendant carries on regular business in Baltimore City and many of the actions at issue in this case occurred in Baltimore City, this Court is a proper venue for this action under Md. Code, Cts. & Jud. Proc. § 6-201.

## FACTS

11. Amazon operates "fulfillment centers" throughout Maryland.

12. Defendant employs thousands of non-managerial employees at its Maryland fulfillment centers. These individuals are paid an hourly wage and will be referred to as the "Fulfillment Center Employees."

13. From approximately the fall of 2017 until approximately November 2021, Plaintiff was employed by Defendant as a Fulfillment Center Employee, specifically a packager. She was assigned to Defendant's fulfillment center at 2010 Broening Highway, Baltimore, MD 21224.

14. Plaintiff and the other Fulfillment Center Employees regularly worked at least 40 hours per week during the applicable statutory time periods.

15. From at least the beginning of the applicable statutory time periods until at least the spring of 2020, Defendant required Plaintiff and other Fulfillment Center Employees to undergo mandatory security screenings each workday at the end of their shifts.

16. Defendant did not provide Plaintiff and other Fulfillment Center Employees any compensation for time associated with these mandatory security screenings. This includes, for example, time spent waiting in security lines and going through the security screening process.

17. The MWHL and the MWPCL respectively require Defendant to compensate Plaintiff and other Fulfillment Center Employees for all overtime and time associated with the mandatory security screenings as the screenings took place on its premises, at prescribed workplaces, and for requiring its workers to be on duty for the security screenings. COMAR 09.12.41.10(A) ("'Hours of work' means the time during a workweek that an individual employed by an employer is required by the employer to be on the employer's premises, on duty, or at a prescribed workplace"); *see* Maryland Department of Labor, *What is Work, – The Maryland Guide to Wage Payment and Employment Standards* (July 29, 2019) ("Work is service performed by an employee at the request and under the control of an employer and, therefore, on the employer's time. … Work does not necessarily require an employee to do or accomplish anything. Work may only involve fulfilling the requirements or following the directions of the employer—even where an employer instructs a worker to report to the jobsite at 7 AM and do nothing until called on"), available at https://www.dllr.state.md.us/labor/wagepay/wpwhatiswork.shtml.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of herself and a Class consisting of all Fulfillment Center Employees currently or formerly employed at any Amazon fulfillment center in Maryland during the applicable statutory time periods.

19. This action is brought and may properly be maintained as a class action. This action satisfies

the numerosity, typicality, adequacy, predominance and/or superiority requirements under applicable law.

20. The Class is so numerous, consisting of at least several thousand individuals, that joinder of all individual members is impracticable, and members of the Class are objectively ascertainable based on payroll data maintained or controlled by Defendant.

21. Defendant's conduct with respect to Plaintiff and the Class raises questions of law or fact that are common to the entire class. In particular, during the relevant class period, Defendant failed to compensate the Class for time associated with mandatory security screenings. The facts and evidence pertaining to this practice are common to the Class. These common legal and factual questions, which do not vary from members of the Class, and which may be determined without reference to the individual circumstances of members of the Class, include, but are not limited to, the following:

    a. Whether Amazon violated Maryland law by failing to pay Fulfillment Center Employees for the compulsory security screenings, as stated above, that they worked;

    b. Whether Amazon's conduct violated the MWHL;

    c. Whether Amazon's conduct violated the MWPCL;

    d. Whether Amazon's conduct violated the Maryland doctrine of unjust enrichment; and

    e. Whether, as a result of Amazon's misconduct, Plaintiff and the members of the Class are entitled to damages, restitution, equitable relief, and/or other damages and relief from Amazon, and, if so, the amount and nature of such relief.

22. Plaintiff's claims and Defendant's corresponding defenses are typical of the claims or defenses applicable to the entire Class because, *inter alia*, all claims are based on the same legal theories and remedies. Furthermore, Plaintiff's assertions that Defendant's violated the MWHL and MWPCL by failing to compensate her and the Class for time associated with mandatory security screenings is sufficiently aligned with the interests of the Class as a

whole so that pursuit of Plaintiff's own interests will benefit the class as a whole. The only difference may be the amount of damages sustained by the members of the class, which can be determined readily, and does not bar certification of the Class.

23. Plaintiff will fairly and adequately assert and protect the interests of the Class because, *inter alia*:

    a. Plaintiff is represented by experienced class action counsel who is well-prepared to vigorously and competently litigate this action on behalf of the Class;

    b. Plaintiff and her counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of the Class; and

    c. Plaintiff and her counsel have adequate financial resources to assure that the interests of the class will not be harmed. Plaintiff understands the nature of the claims herein, and her role in these proceedings and will vigorously represent the interests of the class.

24. A class action provides a fair and efficient method for adjudication of the controversy and is superior to all other available methods for the fair and efficient adjudication of this action because, *inter alia*,

    a. The previously mentioned common questions of law and fact predominate over any questions affecting Plaintiff or any individual Class member;

    b. All Class members are easily identifiable through Defendant's records and computer files, and no foreseeable difficulties in the management of this action as a class action exists;

    c. The monetary damages sought on behalf of the Class are readily calculated and attributable to class members;

    d. Maintenance of the instant litigation as a class action protects against the risks of inconsistent or varying adjudications that might result if individual Class members were to commence independent actions in various courthouses throughout the state of Maryland;

    e. Because Defendant conducts a substantial amount of business in Baltimore City, this Court is an appropriate forum for the litigation of the claims of the entire Class;

    f. The complexities of the issues and the expense of litigating the separate claims of individual class members weigh in favor of class certification. For example, in the

instant action, Plaintiff will seek and present evidence concerning, *inter alia*, Defendant's common timekeeping, compensation, and payroll practices. The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive. The class action device, when compared to multiple proceedings, presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum promotes judicial economy and efficiency and promotes parity among the claims of individual class members as well as judicial consistency. Thus, the conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each Class member, and meets all due process requirements as to fairness to Defendant. Adequate notice of this class action can be provided to Class members by hand distribution and/or direct mail and/or via a website and/or email; and

g. Because the damages sustained by individual class members are relatively small compared to the resources of Defendant and the costs of individual litigation, it is impracticable and unrealistic for individual class members to independently pursue litigation against Defendant in order to vindicate their rights.

## Count I – Violation of the MWPCL

25. Plaintiff incorporates by reference the substance of all the foregoing factual allegations.

26. Defendant was and/or is the employer of Plaintiff and the other members of the Class for purposes of Md. Code, Labor & Employ. § 3-501.

27. Defendant failed to uphold its duty to pay all the "wages" as the term is defined in Md. Code, Labor & Employ. § 3-501, including overtime, to the Plaintiff and the other members of the Class. By failing to pay Plaintiff and the members of the Class all compensation owed, Defendant violated the MWPCL.

28. Defendant had a duty to pay whatever wages, as that term is used under the MWPCL, were due to Plaintiff and the members of the Class on a regular basis. Defendant failed to uphold this duty in violation of the MWPCL. This failure to properly compensate its employees includes wages owed at both the regular rate of pay and overtime rate owed at time-and-a-half the regular rate under the MWHL, and are in contravention of the MWPCL.

29. Defendant's failure to comply with obligations under the Maryland Labor and Employment

Code was willful, intentional, not in good faith, and not because of a *bona fide* dispute.

30. Defendant's conduct constitutes violations of the MWPCL, Md. Code, Labor & Employ. §§ 3-501, *et seq.* subjecting it to the MWPCL's treble damages provisions under § 3-507.2.

WHEREFORE, Plaintiff demands that the Court:

a. Certify this case as a class action and appoint Plaintiff and her counsel to represent the Class;

b. Enter judgment in favor of Plaintiff and the other members of the Class, and against Defendant, and award damages to Plaintiff and the other Class members in an amount exceeding $75,000;

c. Award Plaintiff and the other members of the Class actual damages, interest, and statutory damages under the MWPCL;

d. Award Plaintiff her reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

e. Award the Plaintiff and the other members of the Class such other and further relief as in law and justice they may be entitled to receive.

## Count II – Violation of MWHL

31. Plaintiff incorporates by reference the substance of all the foregoing factual allegations.

32. The MWHL requires that covered employees receive "overtime wage of at least 1.5 times the usual hourly wage" for hours worked over 40 in a single week." *See* Md. Code, Labor & Employ. § 3-415(a).

33. Plaintiff and other members of the class are covered employees of Defendant entitled to the MWHL's protections.

34. Defendant is an employer covered by the MWHL.

35. Defendant violated the MWHL by failing to compensate Plaintiff and the members of the class with the legally mandated overtime premium.

36. In violating the MWHL, Defendant acted willfully and with reckless disregard of clearly applicable MWHL provisions.

WHEREFORE, Plaintiff demands that the Court:

a. Certify this case as a class action for the Class and appoint Plaintiff and her counsel to represent the Class;

b. Enter judgment in favor of Plaintiff and the other Class members, and against Defendant, and award damages to Plaintiff and the other class members in an amount exceeding $75,000;

c. Award Plaintiff and the other Class members actual damages, interest, and statutory damages under the MWHL;

d. Award Plaintiff her reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

e. Award Plaintiff and the other members of the Class such other and further relief as in law and justice they may be entitled to receive.

### Count III – Unjust Enrichment

37. Plaintiff incorporates by reference the substance of all the foregoing factual allegations.

38. Throughout the relevant period, Plaintiff and other members of the Class routinely were required to perform daily work activities and were undercompensated.

39. As a result, Plaintiff and the other members of the Class were routinely denied wages owed.

40. Defendant received a direct and substantial benefit from the work Plaintiff and the other member of the Class performed on behalf of Defendant under circumstances that do not support Defendant's entitlement to those funds.

41. Permitting Defendant to retain the direct and substantial benefit it received from Plaintiff and the other members of the Class under these circumstances would be inequitable because: Defendant was not entitled to the funds at issue; the retained funds represent a substantial windfall to Defendant; Defendant's practices caused Plaintiff and the other members of the Class to suffer more than a *de minimis* injury; and Defendant was able to retain the funds at issue only because of its control over the wages of Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff demands that the Court:

a. Certify this case as a class action for the Class and appoint Plaintiff and her counsel to represent the Class;

b. Enter judgment in favor of Plaintiff and the other members of the Class, and against Defendant, and award damages and interest to Plaintiff and the other Class members in an amount exceeding $75,000;

c. Award Plaintiff her reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

d. Award Plaintiff and the other members of the Class such other and further relief as in law and justice they may be entitled to receive.

## JURY DEMAND

COMES NOW the Plaintiff, Estefany Martinez, by and through counsel, and demands a trial by jury as to all issues triable by jury in this matter.

Date: December 2, 2021                    Respectfully submitted,

*/s/ Brian J. Markovitz*
Brian J. Markovitz (CPF No. 0012130060)
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
(301) 220-2200
bmarkovitz@jgllaw.com

*Counsel for Plaintiff*